KILLGORE *v.* DUDNEY.

Opinion delivered May 18, 1925.

VENDOR AND PURCHASER—CONTRACT CONSTRUED.—A contract whereby plaintiff agreed to sell land to defendant for a specified sum, part of which was paid down, does not create the relationship of landlord and tenant, nor is such contract an option to purchaser, but is a contract of sale.

Appeal from Columbia Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*McKay & Smith,* for appellant.

*Joe Joiner,* for appellee.

SMITH, J. Appellant brought an action of unlawful detainer to recover from appellee the possession of a house and lot. When the answer was filed, the cause was transferred to equity, where there was a decree sustaining appellee's contentions, from which is this appeal.

It is the insistence of appellant that the possession of the property was taken under an option to purchase which contained no express limitation of time within which the option had to be exercised, and which therefore had to be exercised within a reasonable time, and that, the terms of the option not having been complied with, appellee became a tenant at will. It was upon this theory that appellant prayed judgment for possession and for rents.

It appears however that appellant contracted to sell the property to appellee for the consideration of $825, of which $50 was paid in cash when possession was delivered, and the remainder was to be paid when all liens against the property had been discharged.

This balance was not paid, nor was the outstanding indebtedness, which was secured by a mortgage, discharged, and a settlement of the matter was proposed between the parties by which appellee agreed to surrender possession of the property, and arbitrators were to be appointed, who should determine the amount of rent appellee should pay in view of the improvements he

had put on the place, and the other circumstances of the case. But, before the arbitrators were appointed appellee decided to stand on the original contract.

There was a difference between appellant and the holder of the mortgage over the balance due on the mortgage, but appellant testified that this difference was adjusted and appellee was offered an unincumbered title on payment of the balance of the purchase money. Appellee testified that there was no offer to convey an unincumbered title until the suit was brought, at which time he offered to pay the balance due. Appellee also testified that he never at any time had possession as a tenant, and never at any time agreed to pay rent, although he admitted that, at one time, there was a proposition to compromise the matter in the manner hereinbefore stated, but the negotiations for a settlement were never consummated.

The court found that appellee entered into the possession of the lot under a contract of purchase, and that appellant should be required to specifically perform the contract by making and delivering to appellee a title free from any incumbrance, and that appellee should be required to pay $775, the balance of purchase money, and interest thereon from the date he took possession, together with the taxes and insurance which appellant had paid, all of which totaled $1,138.26. Appellee was allowed ten days from the date of the decree within which to pay the sum found due, and it was decreed that, if the said sum was not so paid, a writ of possession should be awarded appellant.

The decree of the court below was correct. The relation of landlord and tenant did not exist between the parties, nor was the contract an option to purchase which was converted into a tenancy at will. The contract was not an option to purchase. The terms of the sale had been fully agreed upon, and there had been a final acceptance of these terms by both parties, pursuant to which

possession of the property was surrendered and delivered.

The testimony is conflicting as to which of the parties made default, but the relief awarded was proper in any event. Appellant has a decree for the unpaid purchase money and interest, including taxes and insurance, and is entitled to nothing more. The decree of the court below is therefore affirmed.